UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTY SIMS #351079,

       Plaintiff,                      Case No.  07-10117

v.                                       District Judge Arthur J.  Tarnow
                                         Magistrate Judge R.  Steven Whalen

PATRICIA CARUSO, JOHN
RUBITSCHUN, ENID LIVINGSTON,
and JOHN QUINLAN,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

Currently before the Court is a *Motion to Dismiss/Summary Judgment* [Docket #30] pursuant to Fed. R. Civ. P. 12(b)(6) and 56 by all Defendants, filed March 10, 2008, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend that Defendants' Motion be GRANTED and the Complaint DISMISSED WITH PREJUDICE.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, formerly a Michigan Department of Corrections ("MDOC") inmate, filed suit on January 8, 2007 pursuant to 42 U.S.C. §1983, alleging constitutional violations related to his eligibility for parole. Plaintiff alleges he made numerous unsuccessful requests

1

for placement in MDOC's Assaultive Offender Therapy Program ("AOT"), claiming that he was first denied by MDOC officers because "he did not have a recommendation" for entry into program. *Complaint* at ¶11. He alleges that he was subsequently denied twice on the purported basis that he had been incarcerated for non-violent offenses. *Id.* at ¶¶12-13. Plaintiff claims that as a result of his non-completion of AOT, he was deemed "ineligible for the parole" in 2006. *Id.* at ¶14. He claims that although "[t]he parole board . . . made a request" for his admittance into AOT, he was denied two more times. *Id.* at ¶¶15-16. Plaintiff alleges that he was finally placed on a waiting list for AOT after filing a grievance, but as of October, 2006 had not yet been admitted, rendering him ineligible for future parole consideration. *Id.* at ¶¶19-23. Plaintiff requests declaratory and injunctive relief, as well as monetary damages.

Defendants filed the present motion on March 10, 2008. *Docket #30.* On April 15, 2008 this Court ordered Plaintiff to respond by May 23, 2008. *Docket #31.* Plaintiff did not respond to Defendants' motion, but on April 16, 2008 filed two motions for the consolidation of the present case with *Savage v. Caruso*, E.D. Mich. No. 07-10436. *Docket #32, 33.* On April 22, 2008, the undersigned denied the motion to consolidate the cases, noting as follows:

> "Both cases involve denials of parole and allegations of denial of placement in Assaultive Offender Therapy (AOT). . . . In *Savage*, I filed a Report and Recommendation (R&R) that the complaint, which contained requests for injunctive and declaratory relief, be dismissed as moot because the plaintiff had been paroled. I also found that, as a substantive matter, the plaintiff failed to show equal protection or due process violations. The plaintiff in *Savage* filed objections to the R&R, which are pending before the District Judge.

2

> ¶The Plaintiff in the present case makes similar allegations. . . . Plaintiff Sims argues that the "Court's ruling on [the R&R] in the case of *Savage v. Caruso* will also apply to plaintiff Sims." This would seem to mean that if my R&R in *Savage* is adopted, and Savage's case is dismissed, then Plaintiff Sims' case would also be dismissed."

*Docket #34* at 2. This Court denied the motion, finding that "the two cases are similar, but not necessarily identical." *Id.*; *See* Fed.R.Civ.P. 42(a).[1]

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001). *See also Bell Atlantic Corp. V. Twombley,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment

---

[1] The R&R in *Savage* was adopted on March 13, 2008. *Savage v. Caruso*, E.D. Mich. No. 07-10436, *Docket #21*. The Honorable Arthur J. Tarnow denied Savage's motion for reconsideration on August 7, 2008. *Id., Docket #26.*

as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

### III.  ANALYSIS

Defendants argue first that Plaintiff's claims for declaratory and injunctive relief are mooted by his admittance into AOT on November 1, 2006, completion of the program on September 19, 2007, and parole on December 27, 2007. *Defendants' Brief* at 3. Defendants also contend that claims against them for monetary damages in their official capacity are barred the 11th Amendment of the United States Constitution. *Id.* at 4. *Id.* at 3-4. Next, they argue that Plaintiff's constitutional claims are fatally undermined by the fact that he has

no liberty interest in being paroled. *Id.* at 5-6. Defendants submit further that because Plaintiff has failed to allege that he is a member of a protected class, his equal protection claims must be dismissed. *Id.* at 6-7. They argue that even assuming that a constitutional violation occurred, they are entitled to qualified immunity. *Id.* at 7. Defendants also dispute Plaintiff's assertion that he was not eligible for parole consideration until undergoing AOT. *Id.* at 9.

### A.  Official Capacity Claims

#### 1.  Injunctive Relief

Plaintiff requests that the Court order a parole hearing on his behalf. *Complaint* at 11. However, Plaintiff's request for a parole hearing has been mooted by the obvious fact that he has been released from MDOC custody since filing the Complaint. "A prisoner's claims for injunctive relief are mooted upon that prisoner's release or transfer." *Goldsborough v. Carlson,* 863 F.2d 48 (6th Cir.1988)(*see also Lavado v. Keohane,* 992 F.2d 601, 605 (6th Cir.1993)( *citing Preiser v. Newkirk,* 422 U.S. 395, 402-03, 95 S.Ct. 2330, 2334-35, 45 L.Ed.2d 272 (1975)), ("the issue of declaratory relief became moot when [the plaintiff] was released from prison"). Because "a federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them,'" this Court will not consider Plaintiff's injunctive claims. *Preiser,* 422 U.S. at 401-402, 95 S.Ct. at 2334 *(citing North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971).

#### 2.  Monetary Damages

Plaintiff's claims for monetary damages against Defendants in their official capacities must be dismissed. Monetary claims, unlike requests for purely injunctive relief against §1983 defendants in their official capacities, *i.e,* in their capacity as agents of the state under 42 U.S.C. § 1983, are subject to dismissal on the basis of the immunity granted by the Eleventh Amendment. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

### B.   Individual Capacity Claims

With regard to Defendants sued in their individual capacities, the Court next addresses Plaintiff's claim of a due process/liberty interest in parole as well as his implied argument that the MDOT's alleged requirement that he complete AOT training before being considered for parole violates his procedural due process rights. Plaintiff's equal protection claims are also considered. Last, the Court considers Defendants' argument that even assuming a constitutional violation occurred, they are entitled to qualified immunity.

### 1. The State Parole Statutes do not Create a Liberty Interest (Due Process)

The Plaintiff's allegation that the mandatory language of MCL § 791.232 *et seq.* creates a liberty interest, *Complaint* at ¶¶32-33, has been rejected by the Sixth Circuit. Adopting the Supreme Court's decision in *Olim v. Wakinekona,* 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983), this Circuit has held that "procedural statutes and regulations governing parole do not create federal procedural due process rights," and that "[t]he Michigan procedural limitations do not detract from the broad powers of the Michigan authorities to deny parole." *Sweeton v. Brown* 27 F.3d 1162, 1164 -1165 (6th Cir. 1994).

6

The *Sweeton* court also found that as "long as the parole discretion is broad, as in Michigan, 'the State has not created a constitutionally protected liberty interest' by enacting procedural rules." *Id.*; *Olim,* 461 U.S. at 249, 103 S.Ct. at 1747. "In Michigan, the decision to release a prisoner on parole is a discretionary decision of the parole board." *Juarez v. Renicom* 149 F.Supp.2d 319, 322 (E.D.Mich. 2001)(Lawson, J.)(internal citations omitted). "The Michigan parole statute does not create a right to be paroled." *Id.*; *Hurst v. Dep't of Corr. Parole Bd.,* 119 Mich.App. 25, 28-29, 325 N.W.2d 615, 616 (1982).

The *Sweeton* court, noting that "the doctrine of federalism . . . discourages constitutionalizing state regulatory procedures," found that improperly interpreting state statutes to create liberty interests would "discourage[] [states] from laying down reasonable and useful rules to govern the conduct of their own affairs for fear that those rules would subject them to jurisdiction and penalties in federal courts." *Sweeton,* 27 F.3d at 1165.

### 2. Plaintiff Cannot Show That AOT is a Condition of Parole

Defendants also dispute Plaintiff's implied argument that AOT was a *de facto* condition of parole. *Defendants' Brief* at 9. They note that Plaintiff was up for parole only twice– first in 2006 when parole was denied and second, when granted parole in 2007. *Id.* Defendants contend that the Michigan Parole Board's 2006 parole denial did not state that Plaintiff was required to attend AOT, but noted generally that "[Plaintiff] needs therapy to gain insight into his obsessive criminality so as to reduce his risk of recidivism," *Id., Docket #30,* Exhibit 1 at 37.

7

Plaintiff's theory that delayed access to AOT resulting in the parole denial amounted to a constitutional violation fails for at least two reasons. First, AOT was neither a stated nor implied reason for the 2006 parole denial. A review of the Board's recommendations "for corrective action which may facilitate release" omits all mention of AOT, much less implies that enrollment in AOT would guarantee or even increase Plaintiff's chances for parole. *Id.,* Exhibit 1 at 38. Instead, the Board recommended that Plaintiff involve himself in substance abuse programming, avoid misconduct citations, and seek a psychological screening "to determine the appropriateness of group therapy to reduce the risk to society." *Id.* Second, evidence that the MDOC provided Plaintiff ongoing mental health treatment for over five years (February, 2001 to at least March, 2006) defeats his claim that his quest for parole was hindered by the MDOC's unwillingness to provide him with therapy. [2] *Id.,* Exhibit 1 at 22.

### 3. Equal Protection Claim

The Complaint contains a generalized allegation that Plaintiff's equal protection rights under the Fourteenth Amendment have been violated. *Complaint* at ¶7. However, Plaintiff has failed to include any factual allegation showing that prison official discriminated against

---

[2]

Because ample reasons support judgment as a matter of law on the denial of therapy claim, the Court declines to consider Defendants additional argument that Plaintiff has no liberty interest in therapy which would increase his likelihood of parole. *See Hicks v. Department of Corrections,* 2002 WL 1747882, *1 (Mich.App. 2002)(*citing Sweeton, supra,* 27 F.3d at 1164-1165)("no due process liberty interest that would require defendant to facilitate his participation in group therapy or other programs designed to enhance his parole chances").

him because of race, religion, or gender. In order to survive summary judgment, a claimant must present evidence that he was "denied equal protection of the law based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *Bass v. Robinson,* 167 F.3d 1041, 1050 (6th Cir. 1999). *See also Radvansky v. City of Olmsted Falls,* 395 F.3d 291, 312 (6th Cir. 2005); *Vacco v. Quill,* 521 U.S. 793, 799, 117 S.Ct. 2293, 138 L.Ed.2d 834 (1997). Further, "a person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Id.*

### 4. In The Absence of a Constitional Violation, Defendants are Also Entitled to Qualified Immunity

Defendants also argue that dismissal should be granted on the basis on qualified immunity. Because I find that there was no violation of Plaintiff's constitutional rights, I agree that they are entitled to dismissal on this basis. *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Under *Saucier*, the threshold question is whether a constitutional violation occurred. If it did not, a state officer or agent acting in the course of his or her official duties is protected by qualified immunity. As discussed above, no constitutional violations occurred.[3]

---

[3] In *Pearson v. Callahan,* __ S.Ct. __, 2009 WL 128768 (2009), decided on January 21, 2009, the Supreme Court held that the two-step sequential analysis set forth in *Saucier* (first, determine whether there was a constitutional violation, and second, determine whether the constitutional right was clearly established) is no longer mandatory. Nevertheless, *Pearson* observed that the *Saucier* protocol, while not required, remains useful in particular cases. In this case, it is sufficient to state, under the first prong of

9

## IV. CONCLUSION

In his motions to consolidate his case with *Savage v. Caruso*, the Plaintiff argued that the Court's ruling in that case would apply to him. And so it does. For the reasons discussed above, I recommend that the Defendants' Motion to Dismiss and for Summary Judgment [Docket #30] be GRANTED, and the case DISMISSED WITH PREJUDICE.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: February 10, 2009

---

*Saucier*, that there being no constitutional violation, the Defendants enjoy qualified immunity.

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 10, 2009.

                                              s/Susan Jefferson
                                              Case Manager